UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ANTHONY LAMAR CRAFT,<br>Defendant. | Case No. 17-cr-00108-JST-1<br>**ORDER GRANTING MOTION TO SUPPRESS**<br>Re: ECF No. 23 |

Before the Court is Defendant Anthony Lamar Craft's motion to suppress. ECF No. 23. The Court will grant the motion.

## I. BACKGROUND

On January 27, 2016, two uniformed Oakland police officers, Officer Martinelli and Officer Nelson, were driving in a fully marked patrol car in the 9400 block of Olive Street. ECF No. 23-1 at 7. Officer Martinelli observed a Volvo S40 with no front license plate, in violation of California Vehicle Code section 5200. Id. The officers pulled the car over and Officer Martinelli made contact with the driver, Anthony Craft Sr., ("Craft Sr."). Id. Officer Martinelli also made contact with the right, front passenger, defendant Anthony Craft Jr. ("Craft"). Id. Officer Martinelli asked Craft for his name, birthdate, and age. ECF No. 26 at 6.

Officer Martinelli used this information to run a file check on Craft and Craft Sr. ECF No. 23-1 at 8. The file check showed that Craft Sr. was clear of warrants and that Craft was on probation. Id. After viewing the probation information, Officer Martinelli informed Officer Nelson that Craft had an "S-7" probation clause. Id. Officer Nelson understood the term "S-7" to mean "that the person is on probation and has a 'full-search' clause." ECF No. 26-3 at 3. Officer Nelson detained Craft in handcuffs and escorted him to the rear of the patrol vehicle to conduct a

full search. ECF No. 23-1 at 8. During the search, Officer Nelson located a handgun tucked in Craft's front waistband area. Id.

Craft's search clause stemmed from a 2013 conviction for being a felon in possession of a firearm in violation of California Penal Code Section 25400(a)(2). ECF No. 26-5 at 2; ECF No. 26-6 at 2. On November 20, 2013, Mr. Craft was sentenced and placed on felony probation. ECF No. 26-8 at 4. The terms of his probation included a search clause, which provided as follows:

> Submit to search and seizure by any Probation Officer or any other law enforcement officer at any time of the day or night with or without a search warrant, including: vehicle, residence, person or any other property under your control.

ECF No. 26-6 at 5.

On March 2, 2017, a federal grand jury returned an indictment charging Craft with being a felon in possession of a firearm in violation of 18 U.S.C. § 922 (g)(1). ECF No. 1 at 3-4. Craft now moves to suppress the gun found during Officer Nelson's search.

## II. ANALYSIS

### A. The Warrantless Search

The Court first analyzes Defendant's argument that the search was unlawful, and the gun must be suppressed, because the officers who conducted the search did so without reasonable suspicion.[1]

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. Amend. IV. "Searches and seizures that offend the Fourth Amendment are unlawful and evidence obtained as a direct or indirect result of such invasions is considered 'fruit of the poisonous tree' and is inadmissible under the exclusionary rule." United States v. McClendon, 713 F.3d 1211, 1215 (9th Cir. 2013) (citing Wong Sun v. United States, 371 U.S. 471, 484–87 (1963)). The government bears the burden of proving that a warrantless search or seizure falls within an exception to the warrant requirement. United States v. Scott, 705 F.3d 410, 416–17 (9th Cir. 2012).

---

[1] Because the Court concludes that the suspicionless search of Craft violated the Fourth Amendment and grants the motion on this ground, it need not reach Craft's remaining arguments.

2

Reasonable suspicion that a probationer subject to a search condition is engaged in criminal activity satisfies the Fourth Amendment's reasonableness requirement. United States v. Knights, 534 U.S. 112, 121 (2001). However, "a probationer's acceptance of a search term in a probation agreement does not by itself render lawful an otherwise unconstitutional search of a probationer's person or property." United States v. Lara, 815 F.3d 605, 609 (9th Cir. 2016) (citing United States v. Consuelo-Gonzalez, 521 F.2d 259, 261 (9th Cir. 1975) (en banc)). The Supreme Court has left open the question of whether a probation condition so diminishes a person's reasonable expectation of privacy that a search without "individualized suspicion" satisfies the Fourth Amendment. Knights, 534 U.S. at 120 n.6.

The government argues that the Ninth Circuit answered that question in United States v. King, 736 F.3d 805, 806-09 (9th Cir. 2013). ECF No. 26 at 7. But there the Ninth Circuit held only "that a suspicionless search, conducted pursuant to a suspicionless-search condition of a violent felon's probation agreement, does not violate the Fourth Amendment." King, 736 F.3d at 810. "[W]hether the Fourth Amendment permits suspicionless searches of probationers who have *not* accepted a suspicionless-search condition, or of lower level offenders who have accepted a suspicionless-search condition," remains an open question. Id.

Craft is both a lower-level offender and a probationer who did not accept a clear suspicionless-search condition. Unlike King, he was not on probation for a violent felony. ECF No. 26 at 13. In addition, he did not agree to be searched without probable cause or reasonable suspicion. Instead, he agreed to the following search condition:

> Submit to search and seizure by any Probation Officer or any other law enforcement office at any time of the day or night *with or without a search warrant*, including: vehicle, residence, person or any other property under your control.

Id. at 8 (emphasis added). Compare King, 736 F.3d at 806 (defendant agreed to a warrantless search condition "as to defendant's person, property, premises and vehicle, any time of the day or night, *with or without probable cause*, by any peace, parole, or probation officer" (emphasis added)). Thus, this case falls within the category of cases left open by the Ninth Circuit in King.

This Court now joins the other courts in this district that have held that an officer must

3

have reasonable suspicion to conduct a search of a probationer, unless the probationer is subject to a search clause that explicitly permits a search without suspicion. See United States v. Harris, No. 16-CR-00222 HSG, ECF No. 55 at 8 (N.D. Cal. Apr. 18, 2017) (holding that "the police officers still required reasonable suspicion before performing a search" even where the defendant was subject to a probation search condition); United States v. Gomez, No. 13-CR-00282 PJH, 2014 WL 1089288, at * 14 (N.D. Cal. Mar. 3, 2014) (holding that a warrantless probation search condition required reasonable suspicion to perform a search but not probable cause).

The facts of this case do not provide the basis for a lawful search. Officers Martinelli and Nelson initially pulled over Craft and Craft Sr. because the car was missing a front license plate. ECF No. 23-1 at 7. The government does not contend that officers had reasonable suspicion that Craft was engaged in criminal activity, nor is there evidence that they did have such suspicion. Nor did the officers report any suspicious behavior in their interactions with Craft during the traffic stop. Id. at 7-8.

Because the officers lacked reasonable suspicion of criminal activity, and Craft's probation search clause did not permit him to be searched in the absence of reasonable suspicion, the search violated the Fourth Amendment.

### B. Suppression as a Remedy

Because the warrantless search violated the Fourth Amendment, suppression is the appropriate remedy. United States v. Calandra, 414 U.S. 338, 347-48 (1974).

The government argues that suppression is unwarranted, citing Davis v. United States, 564 U.S. 229 (2011). Under Davis, "searches conducted in objectively reasonable reliance on binding appellate precedent are not subject to the exclusionary rule." Id. at 232. The only "binding appellate authority" the government cites, however, is from the California state courts. The government cites no authority that would excuse a warrantless search in federal court based solely on state court precedent. Furthermore, as regards to federal law, the Ninth Circuit has declined to expand Davis "to cases in which the appellate precedent, rather than being binding, is (at best) unclear." Lara, 815 F.3d at 613. Because the Ninth Circuit has not clearly addressed whether the Fourth Amendment permits suspicionless searches of non-violent probationers who did not accept

4

a suspicionless search condition, see id. at 610; King, 736 F.3d at 810, appellate precedent is "at best unclear." Therefore, Davis does not apply, and the evidence obtained as a result of the search must be suppressed.

**CONCLUSION**

The Court grants the motion to suppress.

IT IS SO ORDERED.

Dated: November 1, 2017

JON S. TIGAR
United States District Judge

5